# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **v.** | § CRIMINAL ACTION NO. V-06-86(02) |
| | § |
| **DAVID ALLEN SCHWAB** | § |

## ORDER

Pending before the Court is Defendant David Allen Schwab's Motion to Suppress (Dkt. #22). After considering the motion, response, and the applicable law, the Court is of the opinion that the motion should be denied.

Defendant set forth three grounds for which he claims the Smith and Wesson .38 caliber revolver seized during the search of his residence should be suppressed: (1) the affidavit made the basis of the search warrant included statements the affiant either knew were false or acted with reckless disregard for their truth; (2) the affidavit made the basis of the search warrant was insufficient on its face to support a finding of probable cause; and (3) the item seized was not an item described in the search warrant. The Court finds that the search and seizure were conducted within the bounds of the Fourth Amendment.

Defendant has not made the requisite "substantial showing" by a preponderance of the evidence that the statements made in the affidavit were false or made with reckless disregard for their truth. *Franks v. Delaware,* 438 U.S. 152 (1978). Further, the affidavit provides sufficient grounds for a magistrate to make an independent determination that probable cause existed at the time the warrant was issued. *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). The affidavit detailed sufficient facts to support a probable cause finding, including two different controlled purchases of crack cocaine by a reliable informant at 1402 N. Jecker within the previous

96 hours, Crime Stopper tips about the person who sold to the undercover informant, and an earlier drug related homicide at the residence. Finally, the Smith and Wesson .38 caliber revolver was lawfully seized while executing the search warrant. *See United States v. Bills*, 555 F.2d 1250, 1251 (5th Cir. 1977).

For these reasons, the Defendant's Motion to Suppress is DENIED.

It is so ORDERED.

Signed this 1st day of December, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE